UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINE BARD,

                Plaintiff,

-vs-                                        Case No.  2:14-cv-481-FtM-DNF

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

## OPINION AND ORDER

Plaintiff, Christine Bard, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for a period of disability, Disability Insurance Benefits and Supplemental Security Income[1]. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the Court finds that the decision of the Commissioner is due to be **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C § 405(g).

**I.  Social Security Act Eligibility, Procedural History, Standard of Review, and ALJ's Findings**

The law defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less

---

[1] Because the disability definitions for DIB and SSI are identical, cases under one statute are persuasive as to the other.  *Patterson v. Bowen*, 799 F.2d 1455, 1456 n. 1 (11th Cir. 1986); *McCruter v. Bowen*, 791 F.2d 1544, 1545 n. 2 (11th Cir. 1986).

than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making Plaintiff unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d) (2); 20 C.F.R. §§ 404.1505-404.1511.

### A.    Procedural History

On September 16, 2010, Plaintiff filed an application for a period of disability, Disability Insurance Benefits, and Supplemental Security Income, alleging a disability onset date of January 1, 2008. (Tr. 180).  Plaintiff's request for benefits was initially denied on December 21, 2010 (Tr. 101, 105), and upon reconsideration on April 28, 2011. (Tr. 111).  An administrative hearing was held before Administrative Law Ronald S. Robins (the "ALJ") on October 23, 2012. (Tr. 64-89). On February 1, 2013, the ALJ rendered his decision finding Plaintiff not disabled. (Tr. 12-20). Plaintiff's Request for Review was denied by the Appeals Council on July 3, 2014. (Tr. 1-3).

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision

applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Sbpt. P. App. 1. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id.* At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §

1520(a)(4)(iv), 20 C.F.R. § 1520(f) . If the claimant can still perform her past relevant work, then she will not be found disabled. *Id.*

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id.* In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).  Only after the Commissioner meets this burden does the burden shift back to Claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.    The ALJ's Findings

At step one, the ALJ found Plaintiff has not engaged in substantial gainful employment since January 1, 2008, the alleged onset date. (Tr. 14).  At step two, the ALJ determined that Plaintiff has the following severe combination of impairments: mood disorder NOS; history of bipolar disorder; panic disorder with agoraphobia; borderline personality disorder; opiate dependence, continuous; sedative (treated in rehabilitation in 2009 but continued); anxiolytic dependence, continuous; and continued alcohol abuse. (Tr. 16).  At step three, the ALJ found that the combination of Plaintiff's impairments, including the substance use disorders, met Listings 12.04, 12.06, and 12.09. (Tr. 16).  The ALJ further found, however, that Plaintiff stopped the

substance use, she would not have a severe impairment or combination of impairments. (Tr. 16). The ALJ found that Plaintiff's substance use disorder is a contributing factor material to the determination of disability because Plaintiff would not be disabled if she stopped the substance use. (Tr. 19). Accordingly, the ALJ found that Plaintiff has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. (Tr. 19).

## II.      Analysis

Plaintiff raises three issues on appeal.  They are: (1) whether the ALJ erred in failing to find that Plaintiff's back impairment was severe; (2) whether the ALJ erred by not fully developing the record; and (3) whether the ALJ erred in finding that Plaintiff's mental impairment would not be severe if substance abuse was not present.  The Court addresses each issue raised in turn.

### a)   Whether the ALJ erred in failing to find Plaintiff's back impairment was severe.

Plaintiff argues that the ALJ erred in failing to find that she had the severe impairment of herniated discs at levels L4-L5 and L5-S1 with moderate spinal stenosis and annular tears at L3-L4 and L4-L5. (Doc. 26 p. 5).  Plaintiff notes that an MRI from 2003 revealed that she had annular tears at L3-L4 and L4-L5, and that other records from 2003 showed a herniated disc at L4-L5 and L5-S1. (Doc. 26 p. 7).  Defendant responds that substantial evidence supports the ALJ's finding that Plaintiff's back impairment was non-severe. (Doc. 29 p. 6).

At issue here is step two of the ALJ's disability determination, where severity is analyzed. At this step, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th

Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

In his opinion, the ALJ acknowledged Plaintiff's treatment with the Florida Spine Institute prior to her alleged onset date of January 1, 2008, and found that her treatment records indicate that her back condition improved. (Tr. 18). The Court finds that substantial evidence supports the ALJ's determination. Prior to Plaintiff's alleged onset date her medical providers ceased prescribing pain medication after they determined Plaintiff was engaged in drug seeking behavior and addicted to the medications. (Tr. 77-78). Even without pain medication, examination of Plaintiff's back after her alleged onset date were generally unremarkable, showing a non-tender spine with normal range of motion in all of Plaintiff's joints. (Tr. 530, 537, 540, 559, 571, 587, 589-90, 603-04, 630, 642, 658, 661-62, 666-67). Further, as Defendant notes, the evidence suggests that Plaintiff's reports of extreme back pain were exaggerated and likely associated with her admitted drug-seeking behavior. Plaintiff's reports of back pain to her various providers were inconsistent, and Plaintiff often denied having back pain altogether. (Tr. 505, 558, 565, 589, 603, 661, 666).

On occasions when Plaintiff did complain of back pain, the record shows that her providers were concerned that her complaints of pain were not credible. For example, upon presentation to the David Lawrence Center in January 2008, Plaintiff rated her pain as a 10 on a scale of 1 to 10.

(Tr. 305).  Plaintiff's provider found it "noteworthy" that while Plaintiff rated her pain so highly, her presentation only suggested "slight discomfort" and that Plaintiff did not appear to be in severe pain. (Tr. 305).  Likewise, in October 2008, upon presentation to the David Lawrence Center, Plaintiff described her current level of pain as a "10." (Tr. 313).  Her provider found it notable, however, that despite Plaintiff's complaint of extreme pain, Plaintiff appeared very flexible, sitting with her knees up on her chair, hugging her knees, and did not flinch or wince. (Tr. 313).  Again, notes from Plaintiff's visit to Physicians Regional Medical Center in May 2010 reveal that while Plaintiff requested Dilaudid, her doctor advised her "that there are medications over the counter suitable for her complaint." (Tr. 581).

Plaintiff's contention that her back pain constituted a severe impairment is further undermined by her reported activities of daily living.  As the ALJ noted in his opinion, Plaintiff reported that she would ride her bicycle as a means of transportation, shop for groceries weekly, prepare her own meals daily, wash her car weekly, and perform household chores for a few hours daily. (Tr. 74, 240-41, 301, 432).  Such activities belie her claim that her back pain limits her ability to work.  *See Hennes v. Comm'r Soc. Sec.*, 130 F. App'x 343, 348-49 (11th Cir. 2005) (providing that a plaintiff's complaints were belied by her ability to perform activities of daily living such as shopping, cooking, washing clothes, and crocheting).

Plaintiff carries the burden at step two of proving the existence of a severe impairment. *Hardenbrook v. Astrue*, 2011 WL 4031098, at *4 (M.D. Fla. Aug. 3, 2011) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).  Plaintiff failed to carry her burden.  The ALJ's determination that Plaintiff's back pain was not severe was supported by substantial evidence and is due to be affirmed.

**b)  Whether the ALJ erred by not fully developing the record.**

Plaintiff contends that the ALJ barely discussed Plaintiff's back impairment in the decision, and did not make a pain standard analysis regarding Plaintiff's complaints of pain. (Doc. 26 p. 8). Plaintiff argues that at a minimum, the ALJ should have ordered a consultative examination to include completion of a residual functional capacity assessment form. (Doc. 26 p. 8).  Defendant responds that the ALJ fulfilled his obligation to develop a full and fair record. (Doc. 29 p. 9). Defendant argues that the record contained more than sufficient evidence supporting the ALJ's finding that Plaintiff's back impairment was non-severe. (Doc. 29 p. 10).

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  The Commissioner may order a consultative examination if a plaintiff's medical sources cannot or will not give the Commissioner sufficient medical evidence about an impairment to allow him to make a disability determination. *See* 20 C.F.R. §§ 404.1517, 404.1519a(a), 416.917, 416.919a(a).  Situations that may require a consultative examination include, but are not limited to: (1) where additional evidence needed is not contained in the records of the claimant's medical sources; (2) where the evidence that may have been available from the claimant's treating or other medical sources cannot be obtained for reasons beyond the claimant's control, such as death or noncooperation of a medical source, (3) where highly technical or specialized medical evidence that is needed is not available from the claimant's treating or medical sources, or (4) where there is an indication of a change in the claimant's condition that is likely to affect the claimant's ability to work. 20 C.F.R. § 416.919a(b).  Remand for failure to develop the record is only warranted if a claimant can demonstrate that he or she was prejudiced. *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997); *Robinson v. Astrue*, 365 F. App'x 993, 995-96 (11th Cir. 2010).  To demonstrate prejudice, the claimant must show "that the ALJ did not have all of the relevant evidence before

him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision." *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (citing *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982)).

In this case, the Court finds that Plaintiff, who has been represented by counsel throughout the application and appeals process, has failed to demonstrate that she has been prejudiced by the ALJ's development of the record pertaining to her back pain. In his opinion, the ALJ addressed Plaintiff's back pain and specifically considered Plaintiff's treatment records from the Florida Spine Institute, ultimately finding that Plaintiff's condition has improved through medication. (Tr. 18). As noted above, substantial evidence of record supported the ALJ's decision to find Plaintiff's back pain non-severe. Despite her claim that the ALJ should have ordered a consultative examination regarding her back pain, there is no indication the circumstances justifying the usage of a consultative examiner were present in this case, i.e. that additional evidence needed was not in Plaintiff's medical file, that there was evidence beyond Plaintiff's control, that there was specialized medical evidence not available from Plaintiff's treating physicians, or a change in Plaintiff's condition likely to affect her ability to work.

It is not the Commissioner's duty, but the Plaintiff's, to establish disability. *See* 20 C.F.R. § 416.912(a). Plaintiff failed to carry her burden in this case as to her back pain. Accordingly, the Court will not reverse and remand this case for failure to develop the record as to the ALJ's treatment of Plaintiff's back pain.

### c) **Whether the ALJ erred in finding that Plaintiff's mental impairment would not be severe if substance abuse was not present.**

Plaintiff argues that there is no medical opinion evidence in the record to support the ALJ's finding that substance abuse is a factor material to the determination of disability. (Doc. 26 p. 9). Plaintiff contends that the ALJ should have called a medical advisor and asked the medical advisor

for an opinion as to whether Plaintiff would have a severe mental impairment even if she were to abstain from substance abuse. (Doc. 26 p. 9). Defendant responds that the ALJ properly relied on Plaintiff's treatment records when he found that Plaintiff's mental impairments would be non-severe if Plaintiff ceased her substance abuse. (Doc. 29 p. 11).

An individual will be found not disabled if alcoholism or drug addiction is found to be a contributing factor material to the Commissioner's determination that the individual is disabled. 42 U.S.C. § 423(d)(2)(C). The key factor in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether the Commissioner would still find a claimant disabled if he or she stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b). "[I]n materiality determinations pursuant to 42 U.S.C. § 423(d)(2)(C), the claimant bears of the burden of proving that his alcoholism or drug addiction is not a contributing factor material to his disability determination." *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001).

In his opinion, the ALJ determined that while Plaintiff combination of impairments meet the Listings, if Plaintiff stopped her substance use, she would no longer have any severe impairments. (Tr. 16). Accordingly, the ALJ found that substance use disorder is a contributing factor material to the determination of disability because Plaintiff would not be disabled if she stopped her substance use. (Tr. 19).

The Court finds that the ALJ did not err in his finding that Plaintiff's substance abuse is material and that Plaintiff would not have any severe impairments if she ceased her substance abuse. The record indicates that the state agency consultants who examined Plaintiff found that she did not have disabling limitations, even with her substance abuse. Thus, as Defendant notes, the ALJ actually found Plaintiff's combination of impairments caused even great limitations than those found by the state agency medical consultants. (Doc. 29 p. 13). For example, on December

15, 2010, Marvin Blase, M.D., while acknowledging that Plaintiff had affective, anxiety, and substance addiction disorders (Tr. 438, 446), did not find Plaintiff disabled.  To the contrary, Dr. Blase found that Plaintiff retained the ability to understand and recall simple instructions and work locations; that she retained the ability to perform simple tasks; that she could sustain concentration, persistence, and pace throughout the extended day; that her psychological signs and symptoms would rarely intrude during the usual workday/workweek; that she could sufficiently handle ordinary supervision; that she would not distract others based on the presence of her psychologically based behaviors; and that she could avoid hazards and could sufficiently adapt to workplace changes. (Tr. 436).

Likewise, on April 15, 2011, medical consultant Lief Davis, Psy.D., noted Plaintiff's substance addiction disorders (Tr. 452) but nevertheless made the following functional capacity assessment:

> The claimant's ability to understand and remember complex or detailed instructions is not limited, however they may at times experience mild/moderate difficulties maintaining attention/concentration for extended periods of time.
>
> Basic memory processes are intact.  They can perform work in a stable environment.  Moreover, they are capable working within a work schedule and at a consistent pace.  They would be able to maintain regular attendance and be punctual.  Also, the claimant would not require special supervision in order to sustain a work routine.  There are no restrictions in abilities to socially interact and adapt.  The claimant is able to meet the basic mental demands of competitive work on a sustained basis despite these limitations resulting from an impairment.

(Tr. 468).

In light of the findings of these medical consultants, the Court finds that substantial evidence supports the ALJ's findings that substance abuse was a contributing factor material to Plaintiff's disability and that Plaintiff's impairments would not be severe in the absence of

substance abuse.  Plaintiff failed to carry her burden of proving that her substance abuse was not a contributing factor to her disability determination.  Accordingly, the Court will not disturb the ALJ's findings on appeal.

## III.     Conclusion

The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties